UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 03-CR-20774-MORENO

UNITED STATES OF AMERICA

vs.

GILBERTO RODRIGUEZ-OREJUELA
_____/

## REPLY TO GOVERNMENT RESPONSE

Gilberto Rodriguez-Orejuela files this reply to the Government's response (Doc. 315) filed January 21, 2020, and in support of our motion for compassionate release now pending (Doc. 310-311). Gilberto Rodriguez-Orejuela is an old, beaten, and very sick man. This Court has the discretion to release him. It should be compassionate and do so.

## GENERAL BACKGROUND

At the outset it is important to note that the only conviction pertinent to this matter, indeed the only case in which Gilberto Rodriguez-Orejuela has been convicted in this country, is the conviction in this case. The defendant was convicted, on his guilty plea, to one non-violent offense, conspiracy to import five kilograms or more of cocaine, in violation of 21 U.S.C. 960(b)(1) and 21 U.S.C. 963. He was sentenced on September 26, 2006 to a term of 360 months. To be sure, it was a serious offense, hence the sentence of 30 years. It was not though a life sentence, or a death sentence.

It is also important to note that we are not here about a 1987 case in the Eastern District of Louisiana, nor about a 1991 case or a 1993 case in this Court. Gilberto Rodriguez-Orejuela was never convicted in those cases, nor even tried, though he was charged.

Nor is any conduct on record of the defendant's brother, Miguel Rodriguez-Orejuela, at all pertinent to the pending motion for compassionate release. Nor are the transcript portions of *United States v. Abbell*, No. 1:93 CR 470 (S.D. Florida) at all relevant to the pending compassionate release motion. Gilberto Rodriguez-Orejuela was not in that trial.

Nor is the factual recitation from *United States v. Abbell*, 271 F.3d 1286, 1291 (11th Circuit 2001), quoted at length by the Government in its response at all relevant to the pending compassionate release motion.

Nor are the offenses charged in the three counts of the four count superseding indictment returned January 22, 2004 in this case relevant to this proceeding. It should be noted that the Government, in a bit of legal histrionics, points out that "The overt acts listed in Count 4 included ordering the murders of several persons." What the Government ignores is that Counts 2-4 of that superseding indictment were <u>dismissed</u> on the <u>Government's</u> own motion on September 26, 2006. Put another way, Gilberto Rodriguez-Orejuela was charged in Counts 2-4, those counts were dismissed on the Government's motion, therefore as a matter of law, he is not guilty of the offenses charges in Counts 2-4, yet the Government attempts now to breathe life into those long-dismissed charges in its smoke screen effort to defeat the pending compassionate release motion.

In many ways the Government is positing now that there was indeed a factual basis for the defendant's plea to the importation charge in Count 1 of the superseding indictment. That was conceded and determined years ago.

The applicable advisory Guideline range of imprisonment at sentencing in this case was 360 months to Life. The Government agreed to the low end sentence of 360 months, and the Court imposed that low end sentence.

## PREVIOUS MOTION FOR SENTENCE REDUCTION

The defendant's pro se motion under Guideline Amendment 782 on July 17, 2015 (Doc. 304) and the denial of that motion on October 26, 2015 are similarly not now relevant. The pending motion before the Court has nothing to do with Amendment 782, but was filed pursuant to the First Step Act, enacted on December 21, 2018.

## RENEWED ARGUMENT ON PRESENT MOTION

This is at heart a sentencing case in that the defendant is seeking a reduction in his sentence, or RIS in BOP parlance. The Government is opposed to compassionate release for Gilberto Rodriguez-Orejuela, as is the BOP. That has been the Government's default position in all but a handful of compassionate release cases under the First Step Act.[1] Before the First Step Act, the Government and the BOP really controlled these sad situations. Courts were powerless to intervene, absent a green light from the BOP. That all changed with the First Step Act on December 21, 2018, and appropriately so. Decisions about sentencing "[should] not be left to employees of the same Department of Justice that conducts the prosecution." *Sester v. United States*, No. 566 U.S. 231, 132 S.Ct. 1463, 182 L.Ed.2d 455 (2012). This Court, not the Government, must evaluate the 18 U.S.C. 3553(a) factors as they apply to Gilberto Rodriguez-Orejuela.

Kevin Zeich was granted compassionate release, but died at FMC Butner before he could fly home to California, *United States v. Zeich*, No. 1:93 CR 5217 (E.D. California).

---

[1] To our knowledge, the Government has not contested compassionate release in only 5 such cases: *United States v. Cheatham*, No. 3:06 CR 95 (E.D. Tennessee); *United States v. Evans*, No. 4:15 CR 15 (S.D. Texas); *United States v. Leggitt*, No. 4:!2 CR 306 (E.D. Arkansas); *United States v. Bakowski*, No. 8:09 CR 491 (M.D. Florida); and *United States v. Gasich*, No. 2:14 CR 63 (N.D. Indiana).

Judge O'Neill in Fresno helped in lobbying the BOP for Zeich's release, twice calling the General Counsel in an attempt to speed the process up.  As did Judge Fuste in San Juan, in *United States v. Olivera*, No. 3:13 CR 111 (D. Puerto Rico), in which Edmundo Olivera died at FMC Butner before he could get to the airport.  And, in *United States v. Cheatham,* No. 3:06 CR 95 (E.D. Tennessee), the first such case under the First Step Act, Judge Varnam in Knoxville ordered the release of Steven Cheatham on January 31, 2019.  Chetham though died later that day at FMC Butner, unaware he was a free man.  These are the scenarios we do not want to see in this case.

*United States v. Garcia*, No. 2:11 CR 935 (C.D. California) was a case very similar to this one, as are *United States v. Evans*, No. 4:15 CR 15 (S.D. Texas), *United States v. Adams*, No. 4:09 CR 115-3 (N.D. Texas), *United States v. Leggitt*, No. 4:12 CR 306-6 (E.D. Arkansas), *United States v. McGraw*, No. 2:02 CR 18 (SD Indiana), *United States v. Bakowski*, No. 8:09 CR 491 (MD Fla), *United States v. Brittner*, No. 9:16 CR 15 (D. Montana), *United States v. Peterson*, No. 7:12 CR 15-1 (EDNC), *United States v. Beck*, No. 1:13 CR 186-6 (MDNC), *United States v. Gray*, No. 2:02 CR 18-13 (S.D. Indiana), *United States v. Spears*, No. 3:98 CR 208 (D. Oregon), *United States v. McQueen*, No. 5:09 CR 233 (EDNC), *United States v. Privette*, NO. 7:07 CR 133 (EDNC), *United States v. Barr*, No. 5:90 CR 45 (EDNC), *United States v. Camp*, No. 5:11 CR 155 (EDNC), *United States v. Bradshaw*, No. 1:15 CR 422 (MDNC), *United States v. Mitchell*, No. 2:13 CR 20265 (W.D. Tennessee), *United States v. Gasich*, NO. 2:14 CR 63 (N.D. Indiana), and *United States v. Laughlin*, No. 3:12 CR 30081 (C.D. Illinois). In each of these First Step Act cases, compassionate release was granted, in most of them over the Government's strong opposition.

See also *United States v. Jackson*, No. 1:95 CR 508 (N.D. Illinois), not a compassionate

release case, but a First Step Act case. Jackson was a major leader of a violent Chicago drug gang, the Black Gangster Disciple Nation, and responsible or moving 4.5 kilograms of crack cocaine a day before he was arrested in 1995. On November 13, 2019, over strong Government opposition, Jackson's sentence was reduced from 100 years to 20 years, resulting in his immediate release.

Certainly all agree the importation offense here was serious, hence the sentence of 360 months. The offenses were serious too in *United States v. McGraw*, No. 2:02 CR 18-1 (S.D. Indiana) and *United States v. Gray*, No. 2:02 CR 18-13 (S.D. Indiana). Oscar McGraw and William Gray were codefendants and members of a violent motorcycle gang. Though unproven, there were hints of prior homicides in Indiana and California. Both received life sentences, but were this year granted compassionate release under the First Step Act, by Chief Judge Jane Magnus-Stinson, over the Government's strong objection, very similar to this case. McGraw was ordered released on May 9, 2019 and Gray on September 20, 2019. Copies of those orders are attached and incorporated herein.

On June 28, 2019 Judge Catherine Eagles ordered Angela Beck released, in *United States v. Beck*, No. 1:13 CR 186 (MDNC), also over the Government's dangerousness objection, as the offense involved drugs and firearms. A copy of that order is attached and incorporated herein.

Daniel Jackson Peterson was 74 when sentenced in a drug trafficking case, and he shot at officers attempting to arrest him. Nonetheless, over the Government's strong objection, Chief Judge Terrence Boyle ordered compassionate release under the First Step Act on May 4, 2019 in *United States v. Peterson*, No. 7:12 CR 15 (EDNC). A copy of that order is attached and incorporated herein.

The Government opposed compassionate release on the ground of dangerousness, not only in *McGraw*, *Gray*, *Beck*, and *Peterson*, but also in *United States v. Garcia*, No. 2:11 CR 935 (C.D. California), *United States v. Adams*, NO. 4:09 CR 115 (N.D. Texas), and *United States v. Brittner*, No. 9:16 CR 15 (D. Montana). In *Brittner* the Government agreed Brittner was terminally ill. They just didn't think he was dying quickly enough. Chief Judge Christensen gave appropriately short shrift to that argument.

*See* also *United States v. Bellamy*, 2019 U.S. Dist. LEXIS 124219 (D. Minnesota, July 25, 2019), *United States v. Clyne*, 2019 U.S. Dist. LEXIS 123505 (D. Idaho, July 22, 2019), and *United States v. Johns* 2019 U.S. Dist. LEXIS 107850 (D. Arizona, June 27, 2019). For the most part, perhaps 2/3 of these cases, new of course since the First Step Act became law on December 21, 2018, are being decided without a hearing.

The Government's argument in these cases, as in this case, is ordinarily two-pronged. The thesis is that the defendant is much healthier than claimed, and that his release would jeopardize the public safety. Just as courts are granting these motions right and left, all over the country, the Government is losing these cases right and left in courts all over the country. The Government, though is consistent in its argument, but it will need more to turn back the tide. Interestingly, to our knowledge, the Government has never appealed its numerous losses in these cases.

Why the Government's default position in these sad cases is always No is a mystery, in that the President, the Attorney General, the DOJ Inspector General, the Sentencing Commission, and dozens of members of both houses of Congress, of both parties, have been pressing for more frequent use of compassionate release under the First Step Act. Indeed, the President in the State of the Union address on February 3, 2019, was understandably

proud of the First Step Act. Change is hard though, and for so many years prior to the First Step Act on December 21, 2018, the BOP in effect was in charge. The BOP was the gatekeeper on compassionate release, and its position was grounded not on any Congressional enactment, or on pronouncements of the Sentencing Commission, but on its own in house policies, which were often in conflict with statutes or Sentencing Commission sentiments.

It is abundantly clear that Gilberto Rodriguez-Orejuela well meets the criteria for compassionate release, and is in a debilitated medical condition. The BOP does not need his counsel to tell them what his medical issues are. They see him 24/7 and have all of his records from the day he entered custody. And the BOP knows his release plan, to go home to Colombia and live with his family there for what time he has left. In this he is being aided now by the Colombian consulate in Atlanta.

Under the actuarial tables in Section 8-46 of the General Statutes of North Carolina, Gilberto Rodriguez-Orejuela has a life expectancy of 8.5 years. His medical condition however has lessened his true life expectancy significantly. His vital organs have been compromised by disease. His inadequate BOP medical care has diminished any chance that he may have had to recover from his conditions. Gilberto Rodriguez-Orejuela is only 80 years old but is certainly long out of warranty. No life insurance agent in his right mind would sell him a policy, given all his serious medical issues. Keeping him incarcerated at this point is expensive and counterproductive. According to the most recent AOC memorandum of August 1, 2018, it costs $36,000 a year to house someone in the BOP system, and surely the cost is far higher for Gilberto Rodriguez-Orejuela. Compassionate release now would in no way minimize the severity of his offense, nor endanger anyone or anything. He is seriously

ill and certainly in a debilitated medical condition.

All administrative remedies for seeking compassionate release directly from the BOP have been exhausted, hence our motion. Gilberto Rodriguez-Orejuela clearly meets the BOP standards, set out in Program Statements 5049.49 and 5050.50 for Compassionate Release. He also meets the compassionate release criteria of 18 U.S.C. 3582(c)(1)(A)(i) and Section 1B1.13, Federal Sentencing Guidelines, and the Commentary to Section 1B1.13. He is in a debilitated medical condition.

The factors set out in 18 U.S.C. 3553(a) will, in this instance, be satisfied by compassionate release. He has zero interest in reoffending and is instead focused on keeping body and soul together. If the Court saw Mr. Rodriguez-Orejuela, it would see an old, beaten and sick man who is simply not a danger.

Gilberto Rodriguez-Orejuela is truly a changed man in so many ways. We should be thankful for that. It does happen, though not as often as we would like. Some of these sad cases may be relatively close calls. This one, however, is not one of them.

For all the above reasons and those set out in the pending motion, and our previous filings, we continue to pray the Court for the compassionate release of Gilberto Rodriguez-Orejuela under the First Step Act.

Respectfully submitted,

**MARKUS/MOSS** PLLC
40 N.W. Third Street, PH 1
Miami, Florida  33128
Tel: (305) 379-6667

By:     /s/ David Oscar Markus
        DAVID OSCAR MARKUS
        Florida Bar Number 119318
        dmarkus@markuslaw.com

        And

/s/ James B. Craven III
James B. Craven III
P.O. Box 1366
Durham, NC 27702
(919)688-8295
JBC64@MINDSPRING.COM