**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 03-20774-CR-MORENO**

**UNITED STATES OF AMERICA,**

v.

**GILBERTO RODRIGUEZ-OREJUELA,**

      **Defendant.**
_____/

**GOVERNMENT'S RESPONSE TO DEFEDANT'S RODRIGUEZ-OREJUELA'S SECOND SUPPLEMENTAL AUTHORITY IN SUPPORT OF COMPASSIONATE RELEASE MOTION**

The United States of America, by and through the undersigned Assistant United States Attorneys, hereby files its response to Defendant Gilberto Rodriguez-Orejuela's Second Supplemental Authority in Support of his Compassionate Release Motion (DE330). As stated in defendant's Second Supplemental Authority, the Bureau of Prison's website, which is updated on a daily basis, contains a list of confirmed cases of Covid-19 by institution. See BOP.Gov, COVID-19 Resource Page; https://www.bop.gov/coronavirus/. The website currently lists the number of Covid-19 cases at Butner Medium, Butner Low and Butner FMC.

Rodriguez-Orejuela is confined at the Federal Correctional Institution II in Butner, North Carolina ("FCI Butner II"). See e.g., Affidavit of Dr. Meyer, ¶5, attached as Exhibit 1 to the Government's Response in Opposition to the Motion for Compassionate Release (DE327). As of April 13, 2020, FCI Butner II has reported no confirmed cases of Covid-19. Because there are no confirmed cases there, FCI Butner II is not listed on the BOP's website.

The Federal Bureau of Prisons (BOP) is actively working on containing the spread of the coronavirus within prisons. BOP has, among other steps, limited access to prisons, restricted

prisoner movements within prisons, used screening and testing, sought to educate inmates and staff on preventing the spread of disease, begun providing masks and hand cleaners, and separated ill inmates. BOP has taken further steps as events require, including confining all inmates to their living quarters for a 14-day period beginning on April 1, 2020, in order to mitigate any spread of the disease. Many additional details are available at the BOP website, www.bop.gov.

In February 2020, BOP "began planning for its COVID-19 response and instituted a comprehensive management approach for oversight of the situation" that "includes all BOP Regional Offices, all BOP Central Office Divisions (which oversee program level functions), and the National Institute of Corrections (NIC) that coordinates with state and local prisons and jails." BOP's COVID-19 Response, https://www.bop.gov/coronavirus/overview.jsp#bop_covid-19_response (last accessed April 13, 2020). Along with implementing "its approved Pandemic Influenza Plan," BOP is "utilizing the guidance and directives from the World Health Organization (WHO), the Centers for Disease Control (CDC), the Office of Personnel Management (OPM), DOJ and the Office of the Vice President." Id. Like many other government agencies, the BOP is conducting "daily briefings and provid[ing] updates to senior management" to implement evolving guidance on matters including "inmate and staff screening tools," "CDC best practices," and "BOP's Personal Protective Equipment (PPE) inventory." Id. Regarding PPE, BOP has completed review of its infectious disease supplies and is executing "[a] national acquisition plan … to obtain bulk purchase, stockpile supplies and coordinate distribution." Id. BOP is also monitoring and reporting daily on COVID-19 cases identified in its facilities. COVID-19 Cases, https://www.bop.gov/coronavirus/index.jsp (updated daily at 3:00 p.m.) (last visited April 13, 2020).

On March 26, 2020, the Attorney General directed the Director of the Bureau of Prisons,

upon considering the totality of the circumstances concerning each inmate, to prioritize the use of statutory authority to place prisoners in home confinement. Recent authority includes the ability to place an inmate in home confinement during the last six months or 10% of a sentence, whichever is shorter, see 18 U.S.C. §3624(c)(2), and to move to home confinement those elderly and terminally ill inmates specified in 34 U.S.C. §60541(g). Additionally, Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, enacted on March 27, 2020, permits BOP, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau of Prisons, to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate." The Attorney General made those findings on April 3, 2020, conferring on BOP the authority to expand its use of home confinement. The Attorney General has directed that BOP prioritize transferring inmates to home confinement in appropriate circumstances when those inmates are vulnerable to COVID-19 under the CDC risk factors—particularly those at institutions where there have been COVID-19 outbreaks. BOP is devoting all available resources to assessing the inmate population to determine which inmates would be appropriate for transfer under this priority program and to then process those inmates for transfer as quickly as possible. Defendant Rodriguez-Orejuela attached the Attorney General's April 3, 2020 Memorandum For Director of Bureau of Prisons to his Supplemental Authority filed April 5, 2020 (DE329). In that Memorandum, the Attorney General directed the BOP to undertake a review of inmates deemed suitable candidates for home confinement. Id.

To our knowledge, Rodriguez-Orejuela has never presented a request to BOP for transfer to home confinement or presented a request to BOP for compassionate release based upon Covid-

19. BOP is in the best position to determine, in the first instance, the proper treatment of the inmate population as a whole, taking into account both individual considerations based on an inmate's background and medical history, and more general considerations regarding the conditions and needs at particular facilities. For example, BOP's releases of inmates to home confinement must take into account, among other factors, whether a home is available where the inmate could be confined, whether the inmate could receive appropriate food and medical care there, the comparative risk to the inmate in home confinement in the identified location versus remaining in prison, the inmate's risk to the public through recidivism, and the availability of supervision during home confinement or risk to the public if supervision is lacking.

Rather than relying on BOP to address what both Congress and the Attorney General have determined is a time-sensitive, rapidly evolving situation—and after Congress placed a specifically targeted tool in the hands of BOP via §12003(b)(2) of the CARES Act—Rodriguez-Orejuela is urging this Court to grant release on grounds he never presented to the BOP. This Court should decline his invitation to ignore the provision of 18 U.S.C. §3582(c)(1)(A) which prioritizes administrative review as to the entirely new ground for release. See United States v. Raia, -- F.3d --, 2020 WL 1647922 (3rd Cir., April 2, 2020) (defendant must comply with §3582's exhaustion requirement even in light of a fast spreading virus). See also United States v. Holden, 2020 WL 1673440 (D. Ore, April 6, 2020) (administrative exhaustion required where the defendant changed the framework of his request for release).

Even if this Court were to determine that Rodriguez-Orejuela can overcome the statutory requirement for BOP review of his request for release based on Covid-19, his release is not appropriate for the reasons stated herein, those set forth in the government's previous responses (DE315, DE327), and stated at the hearing held on February 5, 2020.

WHEREFORE, the Government respectfully submits its response to Defendant Rodriguez-Orejuela's second supplemental authority.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: */s/Lisa Hirsch*
Lisa Hirsch
Assistant United States Attorney
FL Bar No. 0691186
99 N.E. 4th Street, Suite 500
Miami, FL 33132
Tel# (305) 961-9214
Fax: (305) 536-7214
Lisa.Hirsch@usdoj.gov

By: */s/Lynn M. Kirkpatrick*
Lynn M. Kirkpatrick
Assistant United States Attorney
Court No. A5500737
99 N.E. 4th Street, Suite 400
Miami, FL 33132
Tel# (305) 961-9239
Lynn.Kirkpatrick@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 14, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

>	*/s/Lynn M. Kirkpatrick*
>	Lynn M. Kirkpatrick
>	Assistant United States Attorney